Drew G. Johnson (OSB No. 114289)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401
drew@leimanlaw.com

Alan J. Leiman (OSB No. 98074)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401
alan@leimanlaw.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **DAVID L. BROOKS,**<br><br>Plaintiff,<br><br>v.<br><br>**ALARM SOLUTIONS INC**, an Oregon domestic business corporation,<br><br>Defendant. | CASE NO.: 6:18-cv-00080<br><br>**FLSA OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS;**<br>Fair Labor Standards Act 29 U.S.C. § 201 *et. seq*.; Oregon Wage and Hour Laws (ORS 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DAVID L. BROOKS (hereinafter, "Brooks" or "Plaintiff"), brings this Fair Labor Standards Act ("FLSA") Complaint against Defendant, ALARM SOLUTIONS INC an Oregon corporation (hereinafter, "Alarm Solutions," or "Defendant"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

1 – Complaint

## INTRODUCTION

1.  Defendant ALARM SOLUTIONS INC is an Oregon Corporation with its principal place of business located in Springfield, Oregon.

2.  Defendant is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*.

3.  Defendant hired Plaintiff in 2006 to work as a customer service and fire alarm technician.

4.  During the course of his employment, Plaintiff performed installations, troubleshooting, testing, maintenance, and repairs of fire alarm and security systems for Defendant's customers.

5.  During the course of his employment, Plaintiff was misclassified as exempt from the overtime provisions of the FLSA.

6.  During the course of his employment, Plaintiff was regularly required to work more than 40 hours per workweek ("overtime") without additional compensation.

7.  During the course of his employment, Plaintiff was required to be "on-call" 24 hours per day seven days per week.

8.  During the course of his employment, Plaintiff regularly took calls from Defendant's customers in the evenings, late at night, and on weekends regarding the performance or operational status of their fire alarms and/or security systems. These calls typically lasted 5 to 30 minutes.

9.  During the course of his employment, Plaintiff did not receive additional compensation for working over 40 hours in a seven day workweek, working "on call," or taking calls from Defendant's customers outside of regular work hours.

10. Defendant terminated Plaintiff's employment with Defendant on or about April 20, 2017.

11. Plaintiff is entitled to unpaid overtime compensation, liquidated damages, penalties, and attorneys fees.

12.     This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest for Defendant's willful failure to pay wages for all hours worked including overtime wages, and other relief pursuant to 29 U.S.C. § 261(b).

13.     Plaintiff demands a jury trial on all issues that may be tried to a jury.

14.     This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## PARTIES

15.     Plaintiff Brooks is a resident of Lane County, Oregon who was employed by Defendant ALARM SOLUTIONS INC at the Defendant's Springfield, Oregon location.

16.     Defendant ALARM SOLUTIONS INC is an Oregon domestic business corporation located in Springfield, Oregon that installs, tests, repairs, and maintains fire alarm and security systems for its customers.

## JURISDICTION

17.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.

18.     The United States District Court for the District of Oregon has personal jurisdiction because the Defendant is an Oregon limited liability company with its principal place of business located in Lane County, Oregon.

19.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

20.     At all times material to this Complaint, Defendant owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the

FLSA, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto.  Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

21. At all times material hereto, Defendant owned and operated a business that installed and maintained fire alarm and security systems for its customers. Defendant's President, Ron German, exercised exclusive authority to hire and fire employees and maintained close control over day-to-day financial decisions of Defendant. By virtue of such authority and control, Defendant was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. § 201 *et seq*.

22. Defendant directly or indirectly acted in the interest of an employer towards the Plaintiff at all material times, including without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiff and Defendant's other employees.

23. At all material times, hereto, Plaintiff performed duties for the benefit of, and on behalf of Defendant.

24. At all material times hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendant for which Defendant failed to pay the correct amount of overtime when due.

25. Plaintiff is entitled to liquidated damages for Defendant's willful failure to pay overtime when due.

26. Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**FACTS**

27.     Defendant hired Plaintiff in or around October 2006.  Defendant terminated Plaintiff's employment on or around April 20, 2017.  At the time of his termination, Plaintiff was being paid a monthly salary of $5892.

28.     Throughout his employment with Defendant, Plaintiff's primary duties were to install, inspect, and service Defendant's customers' fire alarm and security systems.  Plaintiff's work involved traveling to Defendant's customers' businesses to conduct inspections and tests, and to perform service on alarm systems as needed.

29.     Plaintiff was primarily engaged to perform manual labor and customer service for Defendant's customers.

30.     Plaintiff occasionally worked with Defendant's customers to design new alarm systems and prepare cost estimates for new projects.

31.     During Plaintiff's employment by Defendant, Plaintiff did not have or exercise any authority to hire or fire other employees.

32.     During Plaintiff's employment by Defendant, Plaintiff did not participate in the hiring, discipline, or termination of any other employees.

33.     During Plaintiff's employment by Defendant, Plaintiff did not manage or supervise other employees of Defendant.

34.     During Plaintiff's employment by Defendant, Plaintiff did not exercise discretion or independent judgment with respect to matters of significance related to the management or administration of Defendant's business operations and his work was not directly related to the management or general business operations of Defendant's customers.

35. During Plaintiff's employment by Defendant, Plaintiff's primary duty did not include the use of independent judgment or discretion with respect to matters of significance regarding Defendant's business operations.

36. Plaintiff's primary duties included scheduling installation, testing, troubleshooting, maintenance, and repair of Defendant's customers' fire alarm and security systems as well as communicating with Defendant's customers regarding the installation, testing, maintenance, and operational status of their fire alarm and security systems.

37. During the course of his employment, Plaintiff was a non-exempt employee under the FLSA and as such was entitled to receive overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 hours in a seven-day workweek.

38. During his employment with Defendant, Plaintiff routinely worked in excess of 40 hours in a workweek, yet he was paid the same amount every month regardless of the number of hours worked each week.

39. Defendant required Plaintiff to work in excess of 40 hours per week including weekends.

40. Records showing the precise amount of time worked by Plaintiff are in the possession and control of Defendant.

41. Records of compensation paid to Plaintiff by Defendant are in the possession and control of Defendant.

42. Defendant knew or had reason to know the scope and extent of Plaintiff's hours worked because: Defendant required Plaintiff to work more than 8 hours per day and weekends; it collected weekly work summaries and reports from Plaintiff; it reviewed weekly performance records; and it collected and/or produced other productivity and work activity reports from Plaintiff.

43.     Although Plaintiff's time records indicate a 0.5-hour meal break each day, Plaintiff did not receive a 30-minute meal break most days that he worked for Defendant.

44.     Defendant required Plaintiff to record a 0.5-hour meal break on his timesheets regardless of whether Plaintiff received a 30-minute meal break.

45.     Throughout his employment by Defendant, Plaintiff routinely worked in excess of 40 hours per seven-day workweek.

46.     Defendant knew Plaintiff was not being properly compensated for all hours worked.

47.     Defendant knowingly and intentionally misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

48.     Defendant willfully failed to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in a workweek.

49.     Plaintiff has not been paid one and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

50.     If Defendant claims Plaintiff was exempt from the overtime provisions of the FLSA and Oregon Wage and Hour Laws, Defendant bears the burden of proving Plaintiff was exempt from the overtime provisions of the FLSA and Oregon Wage and Hour Laws.

51.     Plaintiff did not ask to be paid hourly and compensated for his overtime hours because he believed he would face retaliation and adverse employment actions by Defendant.

52.     Plaintiff brings this action seeking unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violation - 29 U.S.C § 207)

53.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 52 above.

54.     At all material times Defendant was required to pay the Plaintiff in accordance with the overtime provisions of the FLSA.

55.     Plaintiff brings this action under § 216(b) of the FLSA against Defendant for unpaid overtime compensation, liquidated damages, and any other available remedy.

56.     Throughout his employment at Alarm Solutions, Plaintiff regularly worked more than 40 hours in a seven-day workweek and typically worked 9-10 hours per day Monday through Friday, and frequently worked weekends.

57.     For example, during the two week period from March 1, 2017 to March 15, 2017 Plaintiff's time records show that he worked 49.5 hours between Monday, February 27 and Friday, March 3, 2017, and 48.5 hours between Monday, March 6 and Friday, March 10, 2017. During this period, Plaintiff was paid his regular semi-monthly salary of $2946 with no additional pay for the overtime hours Plaintiff worked during this period.

58.     Plaintiff received this same amount of pay on a semi-monthly basis, which was equivalent to 1/26 of his annual salary of $70,704.

59.     Defendant willfully failed to pay Plaintiff at time and one-half regular rate of pay for all hours worked over 40 in a workweek, resulting in the underpayment of overtime to the Plaintiff.

60.     Defendant has not paid Plaintiff the correct amount of overtime wages earned.

61.     Defendant violated §207 of the FLSA when it willfully failed to pay overtime to the Plaintiff at one and one-half times his regular rate of pay for all hours worked over 40 in a workweek during the previous three years or the applicable statutory period.

62.     Defendant's failure to pay the Plaintiff all overtime earned at one and one-half times the correct regular rate of pay resulted from the following willful acts:

    a. Defendant knowingly misclassified Plaintiff as exempt from the overtime provisions of the FLSA;

    b. Defendant knowingly paid Plaintiff a salary based on a 40 hour workweek and did not pay for hours worked over 40 in a workweek regardless of the number of hours actually worked by Plaintiff each week;

    c. Defendant knowingly paid Plaintiff in a manner that resulted in the underpayment of overtime pay to Plaintiff;

63. As a result of Defendant's willful failure to pay the Plaintiff all of the overtime he earned each week, the Plaintiff has incurred actual damages and is entitled to liquidated damages.

64. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (ORS 652 Final Paycheck Violation)

65. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 52 above.

66. Upon the termination of his employment by Defendant, Plaintiff did not receive all wages then due and owing in his final paycheck.

67. Defendants violated ORS 652.150 when it failed to pay Plaintiff all wages due on upon termination of Plaintiff's employment.

68. Plaintiff has been damaged by Defendants' violations of Oregon Wage and Hour Laws and is entitled to his actual damages, penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully asks the Court to grant him the following relief:

9 – Complaint

1. On his First Claim, award Plaintiff his actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207;

2. On his Second Claim, award Plaintiff his actual damages for violations of Oregon Wage and Hour Laws, penalty wages calculated pursuant to ORS 652.150, in amounts to be determined at trial;

3. Award Plaintiff reasonable attorney fees and costs;

4. Award Plaintiff pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED January 13, 2018.

Respectfully submitted,

   /s  Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Attorney for Plaintiff

   /s  Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Attorney for Plaintiff

10 – Complaint